IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| 377 REALTY PARTNERS, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:05-CV-199 |
| | § | |
| DIANA TAFFARELLO and ROBERT L. SOLTIS, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER
GRANTING DEFENDANTS' SECOND MOTION TO DISMISS**

Before the court is Defendants' Second Motion to Dismiss, filed August 31, 2005.  Dkt. # 15.  After reviewing Defendants' motion, Dkt. # 15, Plaintiff's response, Dkt. # 17, and Defendants' reply, Dkt. # 19, the court is of the opinion that Defendants' motion should be GRANTED.  Because this holding renders the remaining motions in this case moot, they are DENIED.  Dkt. ## 20 & 22.

**BACKGROUND**

On January 30, 2004, Defendant Diana Taffarello (Taffarello) filed a lawsuit in Texas state court against Allison Scott-Richter individually and as trustee of the Thomas Eugene Scott, Jr. Living Trust (Scott, collectively).  Compl. at ¶ 11.  Taffarello sought, among other things, to enforce Scott's offer to sell her a 25 acre tract of property located in Denton County, Texas.  *Id*.  In conjunction with her lawsuit, Taffarello filed a Notice of Lis Pendens in the real property records of Denton County, Texas.  Defs.' Ex. B.  As required by section 12.007(b) of the Texas Property Code, the lis pendens stated the style and number of the state court proceeding, the court in which the proceeding was pending, the names of the parties, the relief sought by the proceeding, and a description of the property affected.  *Id*.

Before the lawsuit went to trial, Taffarello and Scott agreed to settle the case during mediation on July 14, 2004.  Compl. at ¶ 13.  The resulting agreement was memorialized in a "Memorandum of Settlement" (Settlement Agreement) which was signed by Taffarello and Scott, their attorneys, and Taffarello's husband, Defendant Robert Soltis, Jr. (Soltis), who had been brought into the lawsuit as a third-party defendant.  Defs.' Ex. A at 18-20.  In the Settlement Agreement, the parties stipulated that Soltis would receive 30% of the difference between the proceeds from any eventual sale of the property and $350,000, less expenses, in exchange for Taffarello's agreement to dismiss the lawsuit.  *Id*. at 9, ¶ 2.  Moreover, the settlement apparently contemplated that Scott would retain ownership of the property but share the proceeds from any future sale with Tarrafello's husband.  To effectuate the settlement, the parties further agreed to draft a "Compromise and Settlement Agreement" (Compromise Agreement) to be executed by August 13, 2004; though the parties subsequently agreed to extend the deadline to August 27, 2004.  *Id*. at ¶¶ 4 & 6.

After Scott and her attorney, James P. Moon, let it be known that they would not honor the Settlement Agreement, Taffarello moved the state court on September 17, 2004 to enforce it in a "Motion to Enforce Settlement Agreement" (Motion to Enforce).  Compl. at ¶ 18; Defs.' Ex. C (containing Taffarello's "Amended Motion to Enforce Settlement Agreement," filed on October 7, 2004).  Taffarello's motion included copies of the Settlement and Compromise Agreements and asked the court to declare both Agreements binding and enforceable.  Defs.' Ex. C at 6 & 9-18.

In an apparent change of heart, perhaps brought on by Taffarello's Motion to Enforce, Moon renewed his agreement to the terms of the Settlement Agreement on September 19, 2004.  *See* Defs.' Ex. D.  This agreement was memorialized in a document signed by Moon and Taffarello's attorney pursuant to Rule 11 of the Texas Rules of Civil Procedure (Rule 11 Agreement).  *Id*. at 5-6.  Under

2

the Rule 11 Agreement, Moon agreed not to challenge the Settlement Agreement or contest Taffarello's Motion to Enforce. *Id*. at 5. And as a result, the state court granted Taffarello's motion on December 17, 2004 and declared the Settlement and Compromise Agreements to be binding and enforceable under contract law and Rule 11 of the Texas Rules of Civil Procedure; though an appeal of the court's order is pending. *See* Defs.' Ex. E at 1-2 ("Order Granting Amended Motion to Enforce Settlement Agreement and Final Judgment"); Defs.' Ex. F ("Notice of Appeal").

Of present concern to this court, are claims against Taffarello and Soltis by the successor in interest to the property, 377 Realty Partners LP (Realty Partners), who acquired the property from Scott on February 1, 2005. Compl. at ¶ 10. While Realty Partners has asserted six claims for relief against Taffarello and Soltis in its Complaint, the tenor of each is the same. *Id*. at ¶¶ 33(a)-(d), 35-39, 40-43. In effect, Realty Partners wants this court to relieve the property of the lis pendens filed by Taffarello at the outset of the litigation and which, under Texas law, remains in force until the determination of the appeal. *Id*.; *Group Purchases, Inc. v. Lance Investments, Inc.*, 685 S.W.2d 729, 731-32 (Tex. App. 1985) (stating that "the effect of the lis pendens continues through the appeal of the judgment"). Taffarello and Soltis now contend, however, that Realty Partners has failed to state claims for which relief can be granted. *See* Defs.' Second Mot. to Dismiss at 25. And for the following reasons, this court agrees.

## DISCUSSION

To put it simply, Realty Partners' claims seek relief which this court has no authority to give. Under Texas law, which this court is obliged to follow in a case predicated on diversity jurisdiction as this one is, the cancellation of a lis pendens may only be effectuated by the court in which the lis pendens is recorded. This rule is stated expressly in § 12.008 of the Texas Property Code: "On the

motion of a party or other person interested in the result of or in property affected by a proceeding in which a lis pendens has been recorded . . . *the court hearing the action may cancel the lis pendens at any time during the proceeding* . . . if the court determines that the party seeking affirmative relief can be adequately protected by the deposit of money into court or by the giving of an undertaking." TEX. PROP. CODE ANN. § 12.008 (emphasis added).

That section 12.008 is the only manner in which a court may cancel a lis pendens is well established. The Texas Court of Appeals in Dallas recognized this by stating that "the only means for a Texas court to cancel [a lis pendens] is in compliance with the provisions of section 12.008." *In re Kroupa Williams*, 2005 Tex. App. LEXIS 4495, *10-11 (Tex. App. 2005). And as stated further by the Texas Court of Appeals in Houston, "we can find no authority allowing a validly filed lis pendens to be cancelled where, as here, the requirements of section 12.008 are not met." *Reeves v. Memorial Terrace, Ltd.*, 2004 Tex. App. LEXIS 11412, *9-10 (Tex. App. 2004).

Even putting these propositions aside however, there remains the policy behind the lis pendens doctrine which instructs similarly against granting the relief requested by Realty Partners. This policy, as stated by the Texas Supreme Court, is that "a court which has acquired jurisdiction of a cause of action is entitled to proceed to the final exercise of that jurisdiction without the interference of anyone with the subject matter or res before the court." *Tex. Water Rights Comm. v. Crow Iron Works*, 582 S.W.2d 768, 771 (Tex. 1979). That the type of interference alluded to by the Texas Supreme Court could occur in this case is unquestionable. To wit, for this court to grant the relief requested, particularly the declaration that Realty Partners is an interested party under the Settlement and Compromise Agreements and has the authority to enforce them, it would have to accept that Realty Partners did not itself violate the Settlement and Compromise Agreements held

enforceable by the state court in the acquisition of the property; as the "lis pendens purchaser is bound by the agreements entered into by its grantor during the course of the litigation." *Hamman v. Southwestern Gas Pipeline*, 821 F.2d 299, 304 (5th Cir. 1987). If the court were in turn to declare this, Taffarello's only avenue for relief in the state court proceedings would be for damages against Scott. *Neel v. Fuller*, 557 S.W.2d 73, 76 (Tex. 1977). And thus, section 12.008's condition that a lis pendens may only be cancelled "if the party seeking affirmative relief can be adequately protected by the deposit of money into the court or by the giving of an undertaking."

It thus seems axiomatic, in light of Texas law and the omnipresent considerations of federalism and judicial economy, that this court should not entertain an action which, if successful, would deprive the concurrently presiding state court of the res upon which the integrity of its judgment is predicated. For this reason, the court finds that Realty Partners' Complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Defendants' Second Motion to Dismiss is accordingly GRANTED and the Plaintiff's claims are hereby DISMISSED. The counterclaims by Defendants remain pending.

**SIGNED this the 23rd day of March, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE